CALL, COMMISSIONER OF LABOR *v.* LUTEN.

4-9605                                                    244 S. W. 2d 130

Opinion delivered December 3, 1951.

Rehearing denied January 7, 1952.

*Luke Arnett,* for appellant.

*Linwood L. Brickhouse,* for appellee.

ED. F. McFADDIN, Justice. This is a controversy between the appellants (Commissioner of Labor and the Administrator of the Employment Security Division) and the appellee (a taxpayer) as to the proper interpretation of, and procedure under, the Arkansas Employment Security Act, which, with its various amendments,[1] is now § 81-1101 *et seq.* Ark. Stats. (1947). Specifically, the question is whether the appellants acted erroneously in charging against the appellee's Contribution Experience Account the sum of $288 paid by the appellants to a former employee of appellee.

Dr. Luten, a Little Rock dentist, employed Miss Kight as an assistant from January, 1948, to March, 1949, and regularly paid the employment compensation tax due on her salary. In March, 1949, Miss Kight voluntarily left the employment of Dr. Luten, although he urged her to continue to work for him. After remaining in Little Rock a short time, she returned to her home in Malvern and lived with her parents. In May, 1949, she applied to the appellants' Malvern office for unemployment compensation. The agent in charge of the office wrote Dr. Luten, who, replying under date of May 13, 1949, said of Miss Kight:

[1] The most recent amendment is Act No. 155 of 1949 which became effective July 1, 1949. Some of our cases involving various questions arising under the said Employment Security Act are: *McCain* v. *Hammock,* 204 Ark. 163, 161 S. W. 2d 192; *Lion Oil Co.* v. *McCain,* 204 Ark. 995, 166 S. W. 2d 249; *McCain* v. *Crossett Lbr. Co.,* 206 Ark. 51, 174 S. W. 2d 114; *Hickenbottom* v. *McCain,* 207 Ark. 485, 181 S. W. 2d 226.

"She visited our office two weeks ago and stated she did not intend to go back to work because her parents still did not want her to work as they were well fixed and it was not necessary for her to work. If she would work we have her old job waiting for her and would gladly give her employment. A copy of this letter goes to the Little Rock office of the Employment Security Division."

Because of § 81-1106, Ark. Stats., the appellants' Malvern office denied Miss Kight any compensation for a five weeks period.[2] Then in July, 1949, and without any further notice of any kind to Dr. Luten, the appellants' Malvern office began paying Miss Kight unemployment benefits, because no suitable work was available for her in Malvern and because she did not desire to return to Little Rock to work for Dr. Luten or anyone else. The amount so paid Miss Kight totaled $288 and was charged against Dr. Luten's Contribution Experience Account, with the result that Dr. Luten's tax rate (fixed by § 81-1108(c), Ark. Stats.) was increased and he was required to make greater percentage payments to maintain a cushion fund for the benefit of his other employees.

Thereupon Dr. Luten filed this suit[3] in the Pulaski Chancery Court, praying that the appellants (Commissioner of Labor and Administrator of the Employment Security Division) be enjoined from charging the sum of $288 against Dr. Luten's Contribution Experience Account, and be enjoined from increasing the percentage schedule of his tax payments because of such $288 item. The appellants, offering no objection to the jurisdiction, filed a response denying that the $288 had been illegally paid to Miss Kight,[4] and claiming that the said item was legally chargeable against Dr. Luten's Contribution Experience Account. A trial in the Chancery Court resulted in a decree granting Dr. Luten the prayed relief and the appellants challenge the correctness of that decree.

[2] In May, 1949, Act 155 of 1949 had not become effective.

[3] The filing date was August 3, 1950.

[4] Sometime before the case was heard in the Chancery Court, Miss Kight married and was Mrs. Carolan when she testified.

I. *The Right of the Taxpayer to Be Heard.* Although other questions are presented, the determinative one is the failure of the appellants, under the facts in this case, to notify the taxpayer before making any determination that caused any part of the $288 to be charged against his Contribution Experience Account. Section 81-1106(a), Ark. Stats., says that if the Commissioner finds that the individual "has left work voluntarily without good cause"[5] such person is disqualified from receiving benefits for approximately five weeks. When Miss Kight applied for benefits in May, 1949, the appellants' Malvern office notified Dr. Luten, as provided by § 81-1107(c)(4), Ark. Stats. Dr. Luten replied as previously quoted, and thereupon the claim of Miss Kight was denied. But in July, 1949, the appellants' Malvern office determined to pay benefits to Miss Kight without giving Dr. Luten any notice: with the result that all of the $288 was paid to Miss Kight before Dr. Luten knew anything about it.

We hold that Dr. Luten was entitled to notice under § 81-1107(c)(4), Ark. Stats., before the determination in July, just as he was entitled to notice prior to determination in May, 1949. Section 81-1107(c)(3) provides: "Notice of any such redetermination shall be promptly given to the parties entitled to notice of the original determination . . ." Section 7 of Act 155 of 1949 provides: "Notice of a redetermination . . . or the reversal of a disqualification for benefits shall be promptly given to . . . such last employing unit . . . who responded to the request for information concerning a claimant's status . . ." Under either of these provisions Dr. Luten was certainly entitled to notice before the July redetermination was made. The appellants' Malvern office acted beyond statutory powers in making a determination adverse to Dr. Luten's Contribution Experience Account without giving him prior notice of such determination. He could not pursue any administrative remedies because he was not informed of

[5] The 1949 amendment uses these words: "If he voluntarily and without good cause left his last employment." Also, in some instances the waiting period is increased to ten weeks.

the determination until long after the appellants had acted, and until long after all rights of administrative appeal had expired.

II. *Power of the Appellants.* In support of their argument that they had power to charge the $288 against Dr. Luten's Contribution Experience Account, appellants cite two provisions of § 81-1108(c)(1), Ark. Stats. The first provision reads: "Benefits paid to any *eligible individual* shall be charged . . . against the account . . . of the employer . . ." (Italics our own.) The other provision—found in subdivision (c)(3) of the same section—reads: "The Commissioner shall . . . classify employers in accordance with their actual experience . . . with respect to *benefits charged* against their accounts . . ." (Italics our own.)

As regards the first provision we hold Miss Kight was not an "eligible individual" to receive benefits when the appellants' Malvern office paid her; and the appellants had no right to determine she was an "eligible individual" until notice had been given to Dr. Luten. As regards the other quoted provision, we hold that the appellants have the right to classify employers with respect to benefits *correctly and legally* charged, but not with respect to benefits *erroneously* charged; and we hold that the $288 was erroneously charged against Dr. Luten's account.

III. *Wording of the Decree.* Finally, appellants complain that the decree, as worded by the Chancery Court, is too broad. This is a technical point, and undoubtedly the Chancery Court would have revised the language if the contention had been presented. The effect of the Chancery decree was to hold that the appellants had acted erroneously in charging the $288 against Dr. Luten's Contribution Experience Account and to direct that the rate that Dr. Luten was to pay should be calculated as though no $288 payment had ever been made. In other words, Dr. Luten was not to be adversely affected in any way by the erroneous determination made

by appellants. With such understanding the decree was correct, and is affirmed. Dr. Luten is entitled to recover all of his costs.