FEDERAL COMPRESS & WAREHOUSE COMPANY *v.* CALL, COMMISSIONER OF LABOR.

4-9977                                              254 S. W. 2d 319

Opinion delivered January 26, 1953.

538

*Cockrill, Limerick & Laser* and *Abner McGehee,* for appellant.

*James M. Ramsey* and *Luke Arnett,* for appellee.

*Eichenbaum, Walther, Scott & Miller, amici curiae.*

ED. F. McFADDIN, Justice. Is there a final or appealable judgment here involved? Is this a suit against the State? These are the two questions to be decided.

For convenience, we refer to the parties as they were styled in the Chancery Court. One plaintiff is the Federal Compress & Warehouse Company, and the other plaintiff is the Rose City Cotton Oil Mill. These plaintiffs filed suit in equity against the defendants, Call, State Commissioner of Labor, and Adkins, Administrator of the Employment Security Division. The complaint, as amended, alleged: (a) that each plaintiff made payments pursuant to the Employment Security Law; (b) that Call, as Commissioner, had made an administrative ruling—Rule II (D) (2)—concerning seasonal workers, which was at variance with Ark. Stats. § 81-1104 (g); and (c) that Call and Adkins, acting under said allegedly void administrative ruling, and without notice to either of the plaintiffs, erroneously paid seasonal workers of each of the plaintiffs, sums for unemployment which, because of said allegedly void order, were charged against the experience contribution account of each of the plaintiffs, thereby resulting in increase of each plaintiff's contribution rate from 1% to 2.7%. The prayer of the complaint, as amended, was in 4 sections:

(1) for an immediate injunction against the defendants to prevent the destruction of certain records;

(2) for a permanent injunction restraining the defendants from enforcing the allegedly void administrative ruling;

(3) for a mandatory injunction requiring the defendants to make bookkeeping adjustments of the plaintiffs' experience contribution accounts to correct the result flowing from the allegedly void administrative ruling; and

(4) for an order enjoining the defendants from enforcing any further contributions against the plaintiffs until the correct bookkeeping balance had been equalized.

On motion of the defendants, the Chancery Court entered an order dismissing the complaint and amendment, in language and for the reasons stated in Topic I, *infra*. From such dismissal, plaintiffs appeal; and the two questions heretofore stated are argued in the briefs.

I. *Is There a Final or Appealable Judgment Here Involved?* The defendants moved to dismiss the complaint and amendment because it "is a suit against the State of Arkansas and in violation of § 20, Art. V, of the Constitution of Arkansas and cannot be maintained in this Court." The Chancery Court granted the defendants' motion and dismissed ". . . all that part of the complaint and amendment to complaint insofar as they relate to contributions paid by the plaintiffs prior to the hearing of this cause, and all that part of the complaint and amendment to the complaint which relate to the rates of contributions and payment of contributions in which plaintiffs seek mandatory injunctive relief . . . for the reason it is a suit against the State of Arkansas."

Defendants now insist that—due to the wording of the Chancery Court order as above copied—there are many "triable issues" in this case still remaining in the Chancery Court. But we fail to see what such issues are. We have heretofore listed the four matters for which the plaintiffs prayed relief. The dismissing of the complaint and amendment as to all prayed injunctive relief certainly disposed of all of the four points, and there are, therefore no "triable issues" undisposed of. We hold that the order of dismissal was final and appealable; and this holding as to finality makes it unnecessary to consider whether the order—independent of finality

—was appealable under § 27-2102 Ark. Stats., which concerns an appeal from an order refusing an injunction.

II. *Is This a Suit Against the State?* We answer the question in the negative, and we cite as authority for our holding the case of *Hickenbottom* v. *McCain, Commissioner of Labor,* 207 Ark. 485, 181 S. W. 2d 226. In the Hickenbottom case, it was sought to enjoin the Commissioner of Labor from enforcing the Act creating the Employment Security Division, on the claim that the Act was void. The Trial Court dismissed the complaint on the theory that it was a suit against the State in contravention of Art. 5, § 20, of the Constitution—the same Constitutional provision here urged by the defendants. We held that the Hickenbottom case was *not* a suit against the State; and Mr. Justice Frank G. Smith, in the opinion of this Court, quoted from *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742, 134 A. S. R. 88, which after reviewing our cases involving suits alleged to be against the State, said:

" 'The only distinction found in these cases is that where the suit is against an officer to prevent him from doing an unlawful act to the injury of the complaining party, such as the taking or trespass upon the property belonging to the latter, the former cannot shield himself behind the fact that he is an officer of the state; and also where the officer refuses to perform a purely ministerial act, the doing of which is imposed upon him by statute. In either of such cases a suit against such an officer is not a suit against the state.' "

Justice Frank G. Smith then continued in the Hickenbottom opinion:

"The instant suit is predicated upon the theory and allegation that certain officers under the purported authority of an Act which is unconstitutional and, therefore, void, are about to take the plaintiff's property by imposing a tax, which when imposed becomes a lien upon it. But if the relief prayed is granted no obligation is imposed upon the state. It is, therefore, not a suit against the state. The opinion in *McCain, Commr.*

*of Labor* v. *Crossett Lumber Co.*, 206 Ark. 51, 174 S. W. 2d 114, cites a number of cases to the same effect.''

So, in the case at bar, there is the claim that Call, acting outside the letter of the Statute, has made a void ruling, and that under such ruling, he and his co-defendant are about to take the plaintiffs' property,[1] and it is sought to enjoin these defendants from proceeding under an allegedly void ruling. No money judgment is sought against the State—only the enjoining of allegedly void rulings, and the equalizing of bookkeeping matters, just as was authorized in *Call, Comm.* v. *Luten,* 219 Ark. 640, 244 S. W. 2d 130.

We hold that this is not a suit against the State. Therefore, we reverse the decree of the Chancery Court which dismissed the complaint and the amended complaint; and we remand the cause to the Chancery Court for further proceedings not inconsistent with this opinion. In the Hickenbottom case, we made final disposition of the case after we held that it was not a suit against the State; but in the Hickenbottom case only legal questions were involved, whereas, here, there are also fact questions as well as legal questions; and we remand the cause to reinvest the Chancery Court with full jurisdiction for all proper proceedings.

JUSTICE WARD not participating.

---

[1] i.e., by increasing the contribution rate to replenish the experience account of each plaintiff.