CASH, COMMISSIONER OF LABOR *v.* ROCKET
MANUFACTURING COMPANY.

5-399                                        267 S. W. 2d 318

Opinion delivered April 26, 1954.

562

*Luke Arnett,* for appellant.

*J. Gayle Windsor, Jr.,* and *Eichenbaum, Walther, Scott & Miller,* for appellee.

GEORGE ROSE SMITH, J. Four employers, the appellees, brought suit to enjoin the Commissioner of Labor from charging to their respective accounts certain unemployment compensation benefits that had been paid to various former employees. The cases were consolidated for trial and resulted in a decree for the plaintiffs.

We find no substantial difference between the facts in this case and those considered in *Call v. Luten,* 219 Ark. 640, 244 S. W. 2d 130. There Luten was notified that a former employee had applied for unemployment compensation. Upon Luten's protest the employee was disqualified for a period of five weeks. Luten was notified of this disqualification (a fact reflected by the record in that case, although not mentioned in the opinion). Later on the Commissioner determined that the five weeks of disqualification had been satisfied, and, without further notice to Luten, benefit payments were begun. We held that the statute required that the employer be given notice of the Commissioner's determination that the period of disqualification had been satisfied and that the claimant had become eligible for benefit payments.

The present case involves claims arising in 1950 and the first few months of 1951, all prior to the decision in the *Luten* case. In each instance now before us the employer was notified that a claim had been filed.

Upon the employer's protest the claimant was held disqualified, usually for a period of ten weeks. In each instance the employer was notified of this disqualification. But, just as in the *Luten* case, the Commissioner later determined that the disqualification had been satisfied, and benefits were paid without further notice to the employer.

We see no reason for retreating from the position taken in the earlier case. It is important to realize that a disqualification for a given period, as for ten weeks, is not automatically satisfied by the mere passage of time. For any particular week to satisfy a week of disqualification it is necessary that the claimant either be employed or, if unemployed, be registered with the employment service and available for work. Ark. Stats. 1947, § 81-1106 (i) (2). Thus the Commissioner's determination that a period of disqualification has been satisfied involves the decision of a question of fact. The *Luten* case holds that the employer, from whose pocket the benefits are paid, is entitled to notice of the Commissioner's determination, so that he may resort to the administrative remedies provided by the law.

It is insisted that these appellees were not prejudiced by the want of notice, as they have not shown a meritorious defense to the claims. This is immaterial. It is true that proof of a defense is required by statute as a condition to obtaining relief from the judgment of a court. Ark. Stats., § 29-508. But the procedure followed by governmental agencies does not ordinarily involve the same safeguards that are observed by courts of law. The Employment Security Act does not require proof of a defense as a prerequisite to relief from a Commissioner's decision made without notice, and we do not feel called upon to supply a provision that the legislature deemed unnecessary.

Affirmed.