ARK. STATE HIGHWAY COMM. *v.* CUNNINGHAM, JUDGE

5-3655                                    395 S. W. 2d 13

Opinion delivered November 1, 1965.

*Phil Stratton* and *Mark E. Woolsey,* for appellant.

*Murphy, Arnold & Purtle,* for appellee.

PAUL WARD, Associate Justice. This litigation stems from an attempt by T. H. Weaver to enforce an alleged oral promise by the Arkansas State Highway Commission (hereafter referred to as Commission) to "blacktop a loop of highway" through Charlotte in Independence County.

When a complaint was filed in chancery court by Weaver against the Commission for the purpose mentioned above, the Commission filed in this Court a "Petition for Writ of Prohibition," asking us to prohibit said chancery court and the Judge thereof from trying the cause of action. The only issues are the questions of law raised by the pleadings.

The complaint filed by Weaver sets out, in substance, the following allegations: (a) Plaintiff is a resident of Independence County and is the owner of certain

(described) land; (b) The defendants are (naming the five members of the Commission), and certain agents of the Commission—both "individually and in their representative and official capacities"; (c) State Highway No. 25 (which by-passes Charlotte) is located on Weaver's property; (d) When No. 25 was being relocated (to cross his land) he "entered into an agreement with" the defendants wherein he (Weaver) "would furnish the right-of-way (for No. 25) through his said property free of charge to the defendants and to Independence County" and in consideration thereof "the Arkansas Highway Commission would blacktop a loop of the highway through Charlotte"; (e) Pursuant to the above agreement he allowed defendants to construct No. 25 which severs his land and diminishes the value thereof; (f) After No. 25 was completed through his land the Commission failed and now refuses to fulfill its obligation to construct the "loop"; (g) He has no recourse except against these defendants, since the county is wholly without funds. The prayer was for specific performance of the said agreement, or (as alternatives) that the defendants individually and the general public be enjoined from using that portion of No. 25 which crosses his land, or that the right-of-way be restored to him, or that he be awarded damages in the sum of $20,000.

There are presented for our consideration two principal questions: *One,* does the Respondent have jurisdiction of the parties and the subject matter; and, *Two,* is prohibition the proper remedy.

*One.* We agree with the Petitioner that the Respondent has no jurisdiction to try any of the issues raised in the complaint filed by Weaver. The Arkansas Constitution, Article 5, § 20 provides: "The State of Arkansas shall never be made defendant in any of her courts." Certainly that language is too plain to require comment. The pertinent issue then is whether this suit against the Commission amounts to a suit against the State. This issue had been clearly resolved against the Respondent by many descisions of this Court. See: *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742; *Watson* v. *Dodge,* Ark. 1055, 63 S. W.

2d 993; *Arkansas State Highway Commission* v. *Nelson Bros.*, 191 Ark. 629, 87 S. W. 2d 394; *Bryant* v. *Ark. State Highway Comm.*, 233 Ark. 41, 342 S. W. 2d 415.

In the *Pitcock* case, which involves a contract entered into by the State Penitentiary, this Court said:

"The first and only question necessary for us to determine in this case is whether or not this is a suit against the State; for, if it is, then the chancery court was wholly without jurisdiction to proceed, and all orders and judgments attempted to be rendered therein were void."

The court then held the suit to be against the State. In the *Watson* case, there appears this paragraph:

"In addition to the authorities just cited, this court held in *Caldwell* v. *Donaghey,* 108 Ark. 60, 156 S. W. 839, that the State could not be sued in her courts for specific performance of a contract made in her behalf."

In the *Bryant* opinion there appears a statement which is pertinent to the matter here under consideration:

"Indeed, the present proceeding has no purpose execpt to force the Highway Commission into court, where a claim for damages can be asserted against it by the appellants. We must conclude that this proceeding falls within the constitutional inhibition against suits against the State. If the appellants have a right to compensation —a point upon which we need not express an opinion— they are limited, as we said in the *Partain* case, *supra,* to filing an administrative claim for such relief as the State may see fit to provide."

It is pointed out that Weaver is not attempting to seek relief from anyone except the Highway Commission. In the complaint it is stated "that the Ark. Highway Commission would blacktop a loop highway through Charlotte."

*Two.* Respondent makes a well reasoned contention to the effect that prohibition is not the proper remedy because the Petitioner had the right of appeal from any adverse decision that might have been made by the trial court. In our opinion, however, the uniform decisions of

this Court refute such contention. In *Monette Road Improvement District* v. *Dudley, [Judge]*, 144 Ark. 169 (pp. 175-176), 222 S. W. 59, there appears the following statements:

''So it is thus settled that where it appears that an inferior court is about to proceed in a matter over which it is entirely without jurisdiction under any state of facts which may be shown to exist, then the superior court exercising supervisory control over the inferior court may prevent such unauthorized proceedings by the issuance of a writ of prohibition. The essential thing is, that it must be shown that the inferior court is about to proceed beyond its jurisdiction, and that fact is said to be the jurisdictional one upon which the right of the supervising court to issue the writ of prohibition depends. ''It is contended by counsel for the respondent that the remedy by prohibition not being an absolute one, but discretionary, the writ should be denied where there is a remedy by appeal or otherwise, even though the court sought to be restrained was about to proceed beyond its jurisdiction.

\* \* \* \* \* \* \*

''If the absence of the right of appeal was essential to the issuance of a writ of prohibition, then that remedy would be entirely unavailable in any case, for under our Constitution the right of appeal is granted in all judicial proceedings. The true test is, as stated in the case already cited, whether or not the court is proceeding beyond its jurisdiction; and when that state of facts is shown to exist, the remedy by prohibition is the appropriate one.''

Likewise in Ark. State Highway Commission v. Dodge [Judge], 181 Ark. 539 (p. 541), 26 S. W. 2d 879, we said: ''The practice is well settled that, when it appears that an inferior court is about to proceed in a matter over which it is entirely without jurisdiction under any state of facts which may be shown to exist, then the Supreme Court, exercising supervisory control over the inferior court, may prevent such unauthorized proceeding by the issuance of a writ of prohibition.''

In the case of *Faver* v. *Golden*, 216 Ark. 792 (p. 796), 227 S. W. 2d 453, this Court said:

"It is also true that the remedy by prohibition is discretionary with the court and is used cautiously . . . . Issuance of the writ depends on the inadequancy, rather than the absence, of the remedy by appeal. *Monette Road Imp. Dist.* v. *Dudley*, 144 Ark. 169, 222 S. W. 59. Hence, we have held that the great expense of money and length of time required in an election contest render the remedy by appeal inadequate as to petitioners."

In accordance with what we have said above, the Petition of the Commission is hereby granted.

McFADDIN, J., dissents.

ED. F. McFADDIN, Associate Justice (dissenting). I respectfully dissent on at least two grounds: (1) this is not a suit against the State; and (2) the Chancery Court had jurisdiction to enjoin the trespass. These two matters will now be discussed.

## I.

The complaint filed by T. H. Weaver in the Chancery Court was captioned as follows:

"T. H. WEAVER................................................................*Plaintiff*

      vs.                        No. 3490

CHARLIE MATTHEWS, GEORGE CAVENASS,

    WARD GOODMAN, FLOYD R. OLIVER, DIRECTOR,

    ARKANSAS HIGHWAY COMMISSION AND ARMIL

    TAYLOR, GLEN F. WALLACE, J. E. CRAIN,

    TRUMAN BAKER AND WADE HAMPTON, MEMBERS OF

    THE ARKANSAS HIGHWAY COMMISSION......*Defendants.*"
It will be observed that Floyd R. Oliver was *identified* as a Director of the Highway Commission, and Taylor, Wallace, Crain, Baker, and Hampton were *identified* as members of the Highway Commission. *The Highway Commission itself, as an entity, was not sued.*

The situation here is the same as it was in *Federal Compress* v. *Call,* 221 Ark. 537, 254 S. W. 2d 319. In that case Mr. Call was the State Commissioner of Labor and' Mr. Adkins was the Administrator of the Employment Security Division. The Federal Compress Company filed suit against these persons in the Pulaski Chancery Court, identifying their official capacities, and alleging that Call and Adkins had erroneously paid seasonal workers certain benefits. The prayer was for an injunction against the defendants. It will be observed that Call and Adkins were each State officials; and the question presented to us on appeal was whether the suit against Mr. Call and Mr. Adkins was a suit against the State. We held that the suit was not against the State, citing as our authority *Hickenbottom* v. *McCain,* 207 Ark. 485, 181 S. W. 2d 226; *Call* v. *Luten,* 219 Ark. 640, 244 S. W. 2d 130; and *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742, 134 A. S. R. 88. Our quotation from the last cited case shows the distinction between a *suit against an officer* and a *suit against the State:*

'' 'The only distinction found in these cases is that where the suit is against an officer to prevent him from doing an unlawful act to the injury of the complaining party, such as the taking or trespass upon the property belonging to the latter, the former cannot shield himself behind the fact that he is an officer of the state; and also where the officer refuses to perform a purely ministerial act, the doing of which is imposed upon him by statute. In either of such cases a suit against such an officer is not a suit against the State.''

I submit that the case at bar is a suit against employees and officers of the State, and not a suit against the State Highway Commission, which was not named as a defendant. The individuals were identified as to their connection with the State Highway Commission, just as Mr. Call was identified as State Commissioner of Labor and Mr. Adkins as Administrator of the Employment Security Division in *Federal Compress* v. *Call.* Certainly since the Highway Commission was not sued as such in the Chancery Court, it could not properly ask us to issue

a writ of prohibition in favor of the Highway Commission, which was not a defendant in the Chancery Court.

## II.

My second ground for dissent is that the Chancery Court had jurisdiction to enjoin the trespass. To demonstrate this point I copy certain allegations of the complaint in the Chancery Court:

"3. That State Highway No. 25 traverses the lands belonging to the plaintiff as above set out in its new location; that before the highway was moved to its new location it did not cross these particular lands; that at the time that Highway No. 25 was proposed and the relocation thereof contemplated the plaintiff entered into an agreement with Charlie Matthews, George Cavenass, Ward Goodman and the then members of the Arkansas Highway Commission and its Director, which agreement was in substance as follows: That the plaintiff would furnish the right-of-way through his said property free of charge to the defendants and to Independence County in consideration, however, that the Arkansas Highway Commission would blacktop a loop of highway through Charlotte, Arkansas, entering Charlotte from the Northeast and leaving Charlotte from the Southwest to join Highway No. 25 at each end of said loop; that this agreement was exceedingly important to the defendants and to Independence County because the action of this plaintiff was considered by all parties as the determinative factor in obtaining right of way for the length of the highway.

"4. Pursuant to this agreement the plaintiff allowed the defendants in their individual and representative capacities to enter upon his land and build, prepare, grade, roll, pack, sealcoat and pave a new roadway for Highway No. 25, which completely severed his lands and greatly diminished the value of his lands from its highest and best use.

"5. That after Highway No. 25 was built the defendants all the while re-assuring plaintiff of their obligation conducted two surveys for this loop, but that the defendants

have not as yet paved said loop or located said loop and have now refused to fulfill their obligation to the plaintiff.

"6. That because of this the plaintiff states that an unconscionable fraud has been perpetrated upon him in the securing and taking of his land without just compensation as required by the Constitution of Arkansas, and further, that the defendants and each of them wilfully, wrongfully and fraudulently deprived the plaintiff of his land; that the plaintiff further alleges that Independence County has no funds with which to pay plaintiff for this land, but that said County could have been made liable for the damages but for the fraud of the defendants; that plaintiff has no recourse whatever except as against these defendants.

"7. Plaintiff states further that he has no adequate remedy at law because the County is wholly without funds with which to make compensation to the plaintiff and, further, that a court of law cannot set aside the agreement for fraud; that the plaintiff further states that numerous and daily continuing trespasses are being committed by the defendants and the public at large to the great and irreparable harm of the plaintiff.

"Wherefore, the plaintiff prays that . . . . the plaintiff is entitled to an injunction to prevent the defendants individually and the general public from trespassing upon the lands unless sufficient bond be posted in open court to cover the fair market value of the land taken at its highest and best use as of the date it was taken . . . ."

Certainly the Chancery Court has jurisdiction to enjoin individuals from trespassing on the property of another. We can forget everything in the case except the prayer that these defendants individually be prohibited from trespasing on Weaver's lands. That makes a case for equity, and therefore a writ of prohibition should not issue. We have a number of cases recognizing the right of an owner of land to prevent persons from trespassing, particularly where the complaint alleges— as it does here—that suit for damages is unavailing and the only adequate relief for the plaintiff is injunction.

One such case is *Gray* v. *Malone,* 142 Ark. 609, 219 S. W. 742, wherein we said:

"The first contention of appellant is that the chancery court was without jurisdiction. This contention cannot be sustained for several reasons. True, the original complaint was defective and did not state facts sufficient to give the chancery court jurisdiction, because it failed to allege that the appellant was insolvent, and therefore failed to allege facts showing that the appellee had no adequate remedy at law for the trespasses of appellant of which the appellee complained. *Burnside* v. *Union Saw Mill Co.,* 42 Ark. 118, and cases there cited. But the chancery court had jurisdiction of the parties, and it had jurisdiction of the subject-matter of restraining trespasses on the lands of appellee if the pleadings raised the issue that the trespasser was insolvent. The pleadings did raise that issue."

Since equity had jurisdiction to enjoin a trespass, the writ of prohibition herein should not be granted. There is another good reason why this case should be heard and the facts developed in the Chancery Court. The plaintiff, T. H. Weaver, alleged that the employees and officers of the Highway Commission had made a contract with him whereby, if he would allow a road over one part of his land, he would receive a blacktop loop on another portion; that the employees now refuse to carry out the agreement; that such refusal nullifies the original contract for a road over his land; and that he is entitled to an injunction against trespassing.

The facts should be developed. The State should either require its employees and officers to fulfill their agreement, or to return to the landowner what the employees and officers received from him. Did these employees and officials of the State make this agreement? If they did, the facts should be developed. If they did not, they should be the last people on earth to keep the facts from being developed. By coming into this Court and asking for a writ of prohibition they leave the impression that they do not want the facts developed; that they did make such an agreement but now seek to hide

under the mantle of the sovereignty of the Arkansas Highway Commission. I maintain that the Sovereign should be just to the subject, and that the State should deal fairly with its citizens. I would like to see the facts in this case fully developed.

For the reasons herein stated, I respectfully dissent.