HARDIN, COMMISSIONER OF REVENUES, *v.* GAUTNEY,
CHANCELLOR.

4-6908                                        164 S. W. 2d 427

Opinion delivered July 13, 1942.

*O. T. Ward,* for petitioner.

*Claude F. Cooper* and *T. J. Crowder,* for respondent.

GRIFFIN SMITH, C. J.    February 20, 1942, Joe Hardin, as commissioner of revenues, filed with the circuit clerk for Mississippi county a certificate of indebtedness, ". . .. in re, delinquent sales tax $384, July through December, 1941." It was asserted that O. M. Morgan owed $307.20 on gross receipts from music machines operated by coins inserted in slots. Sec. 3 (e),. Act 386 of 1941, p. 1059. A penalty of 25% was added by the commissioner, amounting to $76.80. Sec. 9 (b) of Act 386.

March 28, 1942, and by amendment June 24, the taxpayer petitioned Mississippi chancery court to enjoin Hale Jackson, as sheriff, and the commissioner of rev-

enues, from proceeding under an execution issued by the circuit clerk. It was also alleged that the certificate, as docketed, constituted a cloud upon petitioner's title to real and personal property. Section 11, Act 386.

The facts are that the commissioner's agents reported the tax obligation. Morgan had failed to file a return. He was notified by registered mail January 28, 1942, that the department would determine the tax and at the expiration of twenty days issue a certificate of indebtedness. Section 10, Act 386. Morgan responded February 5 and asked to be heard. By letter February 6 the department directed the taxpayer to appear February 16. The letter contained the statement: "For your information, the commissioner will not go into the question of liability for the taxes, but simply the amount of the tax due."

Morgan did not attend the hearing. When default was ascertained, the commissioner made a finding as to the sum due, and the certificate was executed.

May 22, 1942, the department of revenues moved to quash service of summons and to dismiss, alleging the Mississippi chancery court was without jurisdiction, inasmuch as more than thirty days had intervened after the certificate had been filed, and before suit was brought. An answer was filed June 24.

Section 10 of Act 386 gives to a taxpayer who is aggrieved by action of the commissioner thirty days within which to appeal to the chancery court of Pulaski county, "where the matter shall be tried *de novo*." The statute, however, requires that the amount ascertained by the commissioner to be due shall be paid, with interest and penalty. Any sums found to have been wrongfully collected shall be repaid from a fund " to be created by the commissioner out of moneys collected [under Act 386], to be known as the 'special gross receipts refund account,' to be maintained for such purposes, which account shall not exceed the sum of $10,000." It is then enacted that "No injunction shall issue to stay proceedings for assessment or collection of any taxes levied under this Act." There does not appear to have been an

appropriation to facilitate use of the $10,000. But see Act 219 approved March 25, 1941.

Assuming (but we do not decide) that the general assembly had power to prohibit recourse by injunction to stay "proceedings for assessment or collection of any taxes levied under the Act," the interdiction could only have reference to taxes lawfully assessed and to lawful methods used in collection of taxes *levied under the Act.*

We think the legislature had a right to designate a period within which one alleged to owe the state on sales tax, or two percent on gross receipts, would be required to make his defense. If the controversy goes only to the proposition that the transaction is not taxable, or, if taxable, the person assessed is not the party charged by law with payment, such issue is determinable by the chancery court of the county where it is sought to compel collection—that is, where the certificate, *prima facie,* creates a lien. If the issue relates only to the *amount* of a valid tax to be paid, then it is appropriate for the general assembly to require payment as a condition precedent to the right to litigate as to any alleged overcharge; and since the fund, when so paid, is transmitted to Little Rock, it is competent for the lawmaking body to fix the venue in Pulaski county.

Where payment has been made, and the suit is one to recover, then the certificate of indebtedness has performed its function, and there is no lien.

In the instant case action was not taken within thirty days; hence, the question cannot now be raised. It is true § 10 of Act 386, by its terms, requires suit to be filed in Pulaski chancery court within thirty days. Insofar as the time element is concerned, the limitation of thirty days applies with equal force to a litigant who seeks relief in his home county where the right to assess *any* tax under Act 386 is challenged, and to the litigant who only questions the *amount* of a tax that has been legally assessed, some part of which is due.

Respondent relies upon *McCain* v. *Hammock, Chancellor, ante,* p. 163, 161 S. W. 2d 192.

In the McCain-Hammock case limitation was not involved. It was sought by prohibition to restrain the chancery court of Bradley county from entertaining jurisdiction in respect of suits filed by plaintiffs who denied they were chargeable in any sense with sums the state sought to assess under provisions of Act 391 of 1941. Collection machinery called for issuance of a certificate of indebtedness, to be filed in the county of the residence of the taxpayer. Before the certificate was filed, McCain, as commissioner of labor to whom director of the employment security division was answerable, alleged the Bradley court was without jurisdiction to determine validity of taxes evidenced by the certificate the commissioner proposed to file. The statute allowed an aggrieved employer a right to review action of the director within ten days after an assessment had been filed, suit to be brought "in the chancery court having jurisdiction."

It was held that the quoted language evidenced an intention by the general assembly to permit suits in any chancery court of the state, "depending upon the facts in each case."

Respondent cites *McCarroll, Commissioner of Revenues,* v. *Gregory-Robinson-Speas, Inc.,* 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977. In that case the suit was brought in Pulaski county. The commissioner of revenues had notified the appellant he "intended to take action to collect $825." It was held that a provision of Act 118 of 1929 prohibiting issuance of injunctions in favor of those from whom it was sought to collect income taxes was invalid and that the chancery court of Pulaski county had jurisdiction to hear the cause. It would probably have been more appropriate to say the venue was in Pulaski county.

In the instant case the record does not present the question of an illegal exaction within the meaning of Art. 16, § 13, of the constitution.

Because Morgan did not question validity of the tax by suit in Mississippi county within thirty days (nor did he satisfy the demand and sue in Pulaski county within thirty days from the exaction of any excess amount collected) the writ is granted.