COOK, COMMISSIONER OF REVENUES, v. HICKENBOTTOM.

4-8406                                          207 S. W. 2d 721

Opinion delivered January 26, 1948.

Rehearing denied February 16, 1948.

O. T. Ward, for appellant.

Ben C. Henley and J. Cmith Henley, for appellee.

MINOR W. MILLWEE, Justice. Appellee, Aubrey Hickenbottom, filed suit in the Boone Chancery Court against the Commissioner of Revenues of the State of Arkansas and the Circuit Clerk and Sheriff of Boone county to restrain them from proceeding to issue and levy an execution based upon a certificate of indebtedness filed in compliance with Act 386 of 1941. The petition alleged: "That defendant Otho A. Cook is Arkansas Revenue Commissioner and as such claims to have judgment against this plaintiff on some alleged cause of action which claim is not true; that any alleged or ostensible judgment is spurious and any claim which said defendant as such Commissioner may claim is ungrounded in fact . . ." It was also alleged that appellee would suffer irreparable damage unless the defendants were restrained from issuing and serving the writ of execution. The petition was filed on May 31, 1947, and a temporary restraining order was entered by the trial court on the same date pursuant to the prayer of the petition.

On June 10, 1947, appellant, the State Revenue Commissioner, filed a motion to dismiss the petition and dissolve the temporary restraining order. The motion contains the following allegations:

"1. On February 22, 1946, the Commissioner of Revenues, Otho A. Cook, gave notice to the plaintiff of his intention to file a Certificate of Indebtedness for the collection of Gross Receipts Tax owed the State of Arkansas by the plaintiff upon the sale of used automobiles in this state for the period beginning January 1, 1943, to February 21, 1945, both inclusive together with penalty thereon, as provided by said Gross Receipts Tax Act (Act 386 of the Acts of 1941) in the total sum $1,093.41.

"That said notice was in accordance with the provisions of said Gross Receipts Tax Act and that thereafter on November 4, 1946, the said Commissioner filed said Certificate of Indebtedness with the Circuit Court Clerk of Boone county, to be entered in the Circuit Court Judgment Docket as provided by § 11 of said Act, and that

the entry of the Certificate of Indebtedness in said docket constitutes a judgment as though rendered by the Circuit Court of said county, which judgment is a lien upon all the real and personal property of the plaintiff.

"Defendant states that no hearing before the Commissioner was requested within the period of twenty days from the giving of said notice of intention to file said Certificate of Indebtedness and that more than thirty days lapsed between the giving of said notice and the filing of said Certificate of Indebtedness; that no appeal was filed or prayed by the plaintiff, as provided by said gross receipts tax act. Defendant, therefore, states that the entry of said Certificate of Indebtedness by the Circuit Court Clerk of Boone county on November 8, 1946, and the execution issued thereon on November 12, 1946, became final and that the same were not appealed from and that said judgment now is in full force and effect and constitutes a prior and paramount lien upon all property, both real and personal, owned by said plaintiff." It was further alleged in the motion that the petition filed by appellee (plaintiff) did not state a defense to the judgment and that the court was, therefore, without jurisdiction of the suit.

Appellee filed no response to the motion of the Commissioner and at a hearing held on June 10, 1947, the chancellor overruled the motion and, the Commissioner declining to plead further, the temporary injunction was made permanent. The decree found: "That the defendants are proceeding to levy upon the property of plaintiff an execution based upon a Certificate of Indebtedness rendered without authority of law . . . " The revenue commissioner duly excepted to the action of the trial court and has appealed.

It will be observed that the only ground of invalidity appellee alleged against the certificate of indebtedness in his petition is that said certificate was based upon a claim which was untrue and ungrounded in fact. The motion of the commissioner to dismiss and dissolve, which was not denied or otherwise controverted, states that on February 22, 1946, he notified appellee of his

intention to file the certificate of indebtedness and that same was filed on November 4, 1946, as provided by §§ 10 and 11 of Act 386 of 1941; that appellee·failed to demand a hearing within 20 days from receipt of the notice of intention to file the certificate, and failed to appeal to the chancery court within 30 days of the giving of the notice or filing of the certificate in the office of the circuit clerk.

In construing §§ 10 and 11 of Act 386 of 1941 in the case of *Hardin, Commissioner of Revenues,* v. *Gautney, Chancellor,* 204 Ark. 723, 164 S. W. 2d 427, this court held that chancery court is without jurisdiction to entertain a suit questioning the validity of the tax and the certificate of indebtedness where such suit is filed by a taxpayer more than 30 days after filing of the certificate and due notice of the intention to file the certificate had been given as provided in the statute. It was there said:

"We think the Legislature had a right to designate a period within which one alleged to owe the State on sales tax, or two per cent. on gross receipts, would be required to make his defense. If the controversy goes only to the proposition that the transaction is not taxable, or, if taxable, the person assessed is not the party charged by law with payment, such issue is determinable by the chancery court of the county where it is sought to compel collection—that is, where the certificate, *prima facie,* creates a lien. If the issue relates only to the *amount* of a valid tax to be paid, then it is appropriate for the General Assembly to require payment as a condition precedent to the right to litigate as to any alleged overcharge; and since the fund, when so paid, is transmitted to Little Rock, it is competent for the lawmaking body to fix the venue in Pulaski county.

"Where payment has been made, and the suit is one to recover, then the certificate of indebtedness has performed its function, and there is no lien.

"In the instant case action was not taken within thirty days; hence, the question cannot now be raised. It is true § 10 of Act 386, by its terms, requires suit to be filed in Pulaski chancery court within thirty days.

Insofar as the time element is concerned, the limitation of thirty days applies with equal force to a litigant who seeks relief in his home county where the right to assess *any* tax under Act 386 is challenged, and to the litigant who only questions the *amount* of a tax that has been legally assessed, some part of which is due.'' The same result was reached in *Hardin, Commissioner of Revenues,* v. *Norsworthy,* 204 Ark. 943, 165 S. W. 2d 609.

Appellee contends that the cases above mentioned are not in point and says in his brief: ''There is in this case no controversy over amount of tax due, if any; nor are we concerned with any question as to whether proper notice, hearing, or other preliminary procedure was duly given, held, or followed.'' Appellee then argues that the action of the chancellor in overruling the motion to dismiss and restraining the commissioner and county officers should be sustained because the attorney for the revenue commissioner was without authority to sign the certificate of indebtedness which was filed in the instant case. This contention is untenable. Appellee did not challenge the validity of the certificate of indebtedness on this ground in the petition filed by him in the chancery court and the question of the regularity of the signature to the certificate may not be raised for the first time here. According to the uncontroverted allegations of the motion to dismiss, appellee, although given due notice, waited more than six months after filing of the certificate of indebtedness and the issuance of the first execution thereon to question the validity of the tax assessed against him. If he wished to question the sufficiency or regularity of the signature to the certificate of indebtedness, that issue should have been raised in the chancery court in a timely manner. The issue not having been raised in the petition filed in the chancery court, appellee may not rely upon it in this court on appeal.

It follows that the trial court erred in overruling the motion of appellant to dismiss and dissolve the temporary injunction. The decree is accordingly reversed and the cause remanded with directions to dissolve the permanent injunction and dismiss the petition of appellee.