SCURLOCK, COMMISSIONER OF REVENUES *v.* LITTLE.

5-532                                    271 S. W. 2d 914

Opinion delivered October 25, 1954.

*O. T. Ward,* for appellant.

*Stein & Stein,* for appellee.

ED. F. McFADDIN, Justice. In this case, Scurlock, as Commissioner of Revenues of Arkansas, attempted to have an execution levied on the property of appellee, Little, for sales tax claimed under Act 386 of 1941. The

Chancery Court enjoined the levy of the execution; and Scurlock brings this appeal.

Little lives and operates stores in Union County, Arkansas; and appellant is—and each of his predecessors was—Commissioner of Revenues of the State of Arkansas. In early 1952 the Commissioner notified Little that an audit disclosed that Little owed additional amounts for gross receipts (sales) tax under Act 386 of 1941 (now § 84-1901, et seq., Ark. Stats.). The Commissioner set April 8, 1952, for a hearing at the Commissioner's Office in Little Rock. Little did not appear; and the Commissioner determined that Little owed $405.90 additional and unpaid sales tax. Little was notified that if he did not make full payment by April 18, 1952, then a certificate of indebtedness would be filed in Union County and execution issued "in accordance with § 11 of Act 386 of 1941" (which is now § 84-1912, Ark. Stats.). Little did not make the demanded payment, and on May 8, 1952, the Commissioner filed the said certificate in the Office of the Clerk of Union County, and had execution issued, as provided by the said Statute.

Then on May 23, 1952—15 days after the filing of the said certificate—Little filed in the Chancery Court of Union County, Arkansas, a petition against the Sheriff of Union County and the said Commissioner, seeking to enjoin the Sheriff from proceeding on the said execution. Little alleged that he owed no part of the $405.90; and that the Commissioner was attempting to make an illegal exaction. The Union Chancery Court issued a temporary restraining order on May 23, 1952, and the matter so remained until the decree of May 4, 1954, which made permanent the temporary injunction. The decree is challenged by the Commissioner on this appeal; and he contends that the Union Chancery Court was without jurisdiction.[1] He admits that there are two opinions of this

---

[1] Here are the reasons stated by the Commissioner as to why he thinks the Union Chancery Court was without jurisdiction:

"For the further reason that Act 386 of the Acts of 1941, places jurisdiction of appeals from the orders of the Commissioner of Revenues in the Pulaski Chancery Court and provides that before such appeals are taken that the amount of the assessment so made shall be paid in to the Commissioner and deposited in a regularly designated

Court which contain language contrary to appellant's contention; but he claims such language to be *dicta*. We therefore proceed to a consideration of these two cases.

I. In *Hardin, Commissioner,* v. *Gautney,* 204 Ark. 723, 164 S. W. 2d 427, the Commissioner of Revenues, proceeding under the same Statute as here involved, had filed a certificate of indebtedness against Morgan in Mississippi County, Arkansas, on February 20, 1942. Morgan waited until March 28, 1942, to file an injunction suit in the Mississippi Chancery Court to enjoin the Sheriff from proceeding on the execution issued on the said certificate. The Commissioner claimed that the *Pulaski* Chancery Court had exclusive jurisdiction, and that the limitations period was 30 days from the Commissioner's determination of the tax question. We held that Morgan could have filed his injunction suit in the Mississippi Chancery Court within thirty days from the filing of the certificate in Mississippi County, since the right to assess any tax was challenged: but we held that Morgan had waited too long to file such injunction suit. Some of our language on the issue was:

"We think the legislature had a right to designate a period within which one alleged to owe the state on sales tax, or two percent on gross receipts, would be required to make his defense. If the controversy goes only to the proposition that the transaction is not taxable, or, if taxable, the person assessed is not the party charged by law with payment, such issue is determinable by the chancery court of the county where it is sought to compel collection—that is, where the certificate, *prima facie,* creates a lien. If the issue relates only to the *amount* of a valid tax to be paid, then it is appropriate for the General Assembly to require payment as a condition precedent to the right to litigate as to any alleged over-charge; and since

fund for such appeals, and that this petitioner failed and refused so to do;

"For the further reason that a full, complete and adequate remedy is provided by the Gross Receipts Tax Act (Act 386 of 1941) for the hearing and determination of liability for taxes under said Act, and that this petitioner failed and refused to follow such provisions and that the Union County Chancery Court is and was without jurisdiction to hear and determine said cause."

the fund, when so paid, is transmitted to Little Rock, it is competent for the lawmaking body to fix the venue in Pulaski County. . . .

"In the instant case action was not taken within thirty days; hence, the question cannot now be raised. It is true § 10 of Act 386, by its terms, requires suit to be filed in Pulaski Chancery Court within thirty days. Insofar as the time element is concerned, the limitation of thirty days applies with equal force to a litigant who seeks relief in his home county where the right to assess *any* tax under Act 386 is challenged, and to the litigant who only questions the *amount* of a tax that has been legally assessed, some part of which is due."

II. In *Cook* v. *Hickenbottom*, 212 Ark. 768, 207 S. W. 2d 721, the Commissioner, proceeding under the same Statute here involved, filed the certificate of indebtedness against Hickenbottom in Boone County on November 8, 1946, and had execution issued on November 12, 1946. Hickenbottom claimed that he owed no tax; but he delayed until May 31, 1947, before filing suit in the Boone Chancery Court to enjoin the collection under the execution issued on the said certificate. We held that Hickenbottom waited too long, as he had only 30 days from the filing of the certificate in Boone County, in which to bring his injunction suit in that County.

Thus these two cases are authority for the statement that when the *existence of any tax* is the issue, then the party sought to be taxed has thirty days from the filing of the certificate in which to bring an injunction proceeding in the County wherein the certificate is filed. In the case at bar, Little brought the present suit within the thirty-day period: so the suit was timely, and in the proper form.

The decree is affirmed.