SCURLOCK, COMMISSIONER OF REVENUES *v.* YARBROUGH.

5-482                                    271 S. W. 2d 916

Opinion delivered October 25, 1954.

*O. T. Ward,* for appellant.

*D. B. Bartlett,* for appellee.

ED. F. McFADDIN, Justice. This appeal involves the same Statute and the same cases discussed in *Scurlock* v. *Little,* No. 432, this day decided, *ante* page 109, 271 S. W. 2d 914. But the facts in the present case are essentially and materially different from those in *Scurlock* v. *Little*: with the result that the Pulaski Chancery Court was the proper forum in this case, rather than the Johnson Chancery Court, from which comes this appeal.

Appellee Yarbrough conducts his business and resides in Johnson County, Arkansas. On January 15, 1952, an audit was made of Yarbrough's business for the period from January 1, 1948, to December 31, 1950, and an additional tax of $1,013.79 was assessed against Yarbrough under the provisions of Act 386 of 1941 (§ 84-1901, *et seq.,* Ark. Stats.). Yarbrough paid $337.93 of this amount, and agreed to pay the balance of $675.86 in monthly payments of $112.64 each. He defaulted in these

monthly payments, and on April 8, 1953, the Commissioner of Revenues, after due notice to Yarbrough, placed of record in Johnson County a certificate of indebtedness as authorized by § 11 of Act 386 of 1941 (§ 84-1912, Ark. Stats.); and on the same day execution issued against Yarbrough and was placed in the hands of the Sheriff of Johnson County for the balance of $563.22. The certificate listed as the item and amount of the indebtedness:

"Delinquent Sales Tax Accrued While Operating Yarbrough's Grocery & Market, Clarksville, Arkansas, for the period of 1-1-48 through 12-31-50—$563.22."

On April 13, 1953—less than thirty days from the placing of the certificates of record in Johnson County—Yarbrough brought this suit in the Chancery Court of Johnson County against the Sheriff of the County, and Scurlock, as Commissioner of Revenues, to enjoin the levy of the execution. Yarbrough claimed that the tax for the period from January 1, 1948, to December 31, 1950, was barred by the Statute of Limitations (see § 84-1910 (b), Ark. Stats.); and that the part payment made by Yarbrough on January 15, 1952, was exacted from him by the auditor ". . . fraudulently, and without authority of the law.". The Chancery Court of Johnson County held that it had venue and jurisdiction of this suit, and permanently enjoined the levy of the execution. The Johnson Chancery Court held that the facts claimed by Yarbrough brought this case within the rule of the cases of *Hardin, Comm.* v. *Gautney,* 204 Ark. 723, 164 S. W. 2d 427; and *Cook* v. *Hickenbottom,* 212 Ark. 768, 207 S. W. 2d 721: but we hold that Yarbrough's case does not come within the rule of these two cases.

Yarbrough's only defense to the claimed tax was that it was barred by the 3-year Statute of Limitations. Sec. 9 of Act 386 of 1941—the Statute here applicable—says: "No deficiency, interest or penalty shall be assessed for any month after the expiration of three (3) years from the date set for the filing of such monthly return." Sec. 5 of the same Act requires the return for

a month to be filed not later than the 15th day of the succeeding calendar month. Thus, the return for March, 1950, was not due until April 15, 1950, and would not have been barred by limitations until April 15, 1953, and an assessment could have been made at any time before the last mentioned date.

Neither in the certificate filed by the Commissioner in Johnson County, nor in the petition for injunction filed by Yarbrough, nor elsewhere in this record, is there any showing as to the months for which it was claimed that Yarbrough owed the tax. So as far as this record shows, all of the amount here claimed could have been for some months in the year 1950 that were not barred by limitations. The Statute, as quoted, says that the tax cannot be "assessed" after three years from the date the return was due. Here, the assessment was January 15, 1952, at a time when no monthly return for the year 1950 was then barred by such Statute. So, as to all the months of 1950, Yarbrough's plea of limitations was without merit. But if it should be argued that the filing of the certificate was necessary to perfect the assessment, and that the filing of the certificate in Johnson County was the decisive date, still such filing was on April 8, 1953, at a time when the returns for the months of March to December, inclusive, of 1950 were not barred by limitations. And as to these months, Yarbrough's plea of limitations was without merit at all events.

Since Yarbrough's only defense against owing the tax was the plea of limitations, it follows that he did not claim *"no tax due"* for the entire period involved; and it is only when the taxpayer claims *"no tax due"* that he can invoke the venue of his own County. As pointed out in *Hardin* v. *Gautney, supra,* unless all tax is denied, then the taxpayer must pay the amount claimed and proceed in the *Pulaski* Chancery Court to recover the overcharge. That is what Yarbrough should have done in this case, because the State's claim against him for taxes for some of the months involved was not barred by limitations. We reach this conclusion entirely apart from any question of the applicability of the rule that part

payment tolls the Statute—a matter we need not here consider.

Accordingly, the decree is reversed and the cause is remanded, with directions to dismiss the petition for injunction.