SCURLOCK, COMMISSIONER OF REVENUES *v.* HARDSCRABBLE
COUNTRY CLUB.

5-582                                    275 S. W. 2d 638

Opinion delivered February 21, 1955.

*O. T. Ward,* for appellant.

*Daily & Woods,* for appellee.

ED. F. McFADDIN, Justice.   The issue which the appellee seeks to have decided is one relating to the Gross Receipts Tax (see § 84-1903 *et seq.,* Ark. Stats.); but we do not reach the posed question because appellee has brought this suit in the wrong County.

The appellee, Hardscrabble Country Club, is a "mutual benefit" corporation organized under § 64-1301 *et seq.,* Ark. Stats., and operates a country club near Fort Smith.   Appellee has been collecting monthly dues from several classes of its members and using the collections to defray expenses of some of the country club activities.   The appellant is Commissioner of Revenues of the State of Arkansas; and he notified appellee that on all of said dues so collected the appellee was liable for the 2% Gross Receipts Tax, since § 84-1903 Ark. Stats. reads:

"There is hereby levied an excise tax of two per-centum (2%) upon the gross proceeds or gross receipts derived from all sales to any person subsequent to the effective date of this act of the following: . . . (e) . . . fees for the privilege of having access to or the

use of amusement, entertainment, athletic or recreational facilities, including . . . dues . . ."

Under date of April 6, 1954, the appellant wrote the appellee a letter:

"You are hereby notified in accordance with Section 10 of Act 386 of the Acts of 1941 that the Commissioner of Revenues has determined a liability of Gross Receipts Tax due by you in the sum of $104.28, plus a penalty in the amount of $.................., covering the period of 1/1/54, through 1/31/54. . . .

"Failure to make written request for a hearing within 20 days after the date of this notice, or to appear on the date set by the Commissioner for a hearing, will be taken as confessed and a Certificate of Indebtedness will be filed with the Circuit Clerk in your County, which constitutes a judgment."

Thereupon, and without waiting for the said Certificate of Indebtedness to be filed with the Circuit Clerk of Sebastian County, the appellee on April 26, 1954, filed the present suit[1] in the Sebastian Chancery Court to enjoin the appellant, who appeared specially and filed a motion to dismiss the complaint because of lack of jurisdiction of the Court over the appellant. When the motion to dismiss was overruled the appellant refused to plead further and the Chancery Court, after hearing the appellee's case, enjoined the appellant in accordance with the prayer of the appellee's complaint; and appellant brings this appeal. It will be noticed that the appellant did not answer the complaint but stood on his motion to dismiss.

In *Scurlock, Commissioner* v. *Little,* 224 Ark. 109, 271 S. W. 2d 914, we held that *after* a Certificate of In-

---

[1] The prayer of the complaint was: "Wherefore, plaintiff prays that summons issue for the defendant and that he be compelled to answer this complaint and, upon final hearing of this cause, that the defendant be permanently enjoined from assessing or attempting to collect any tax under the Arkansas Gross Receipts Tax Act upon the monthly dues collected by the plaintiff from its member-shareholders for the sole purpose of raising monies to defray the plaintiff's 'current operating expenses' deficit incurred in the management and operation of plaintiff's properties."

debtedness (under § 84-1912, Ark. Stats.) had been filed in the County of the taxpayer's residence, then—if the taxpayer claimed *no tax due*—he could proceed in the Chancery Court of his own County to enjoin the enforcement of any proceedings under the said Certificate. It is only where (a) the Certificate has been filed in the County of the taxpayer's residence, and (b) the taxpayer claims no tax due, that the taxpayer can maintain the suit in the County of his residence. In the case at bar, the Certificate had not been filed in Sebastian County when the appellee filed this suit; and it was conceded in the oral argument before this Court that the Certificate has never been filed in Sebastian County.

Counsel for appellee cites us to no case—and our search discloses none—wherein a suit like this one against the Commissioner of Revenues has been maintained in the County of the residence of the taxpayer *before* the Certificate of Indebtedness was filed in such County. The reason for a suit in the County of the taxpayer's residence, is to remove the Certificate from the records of that County: no such reason exists here, because no such Certificate has been filed. In his motion to dismiss, the appellant claimed the privilege of being sued in Pulaski County. He was entitled to that privilege since he did not file the Certificate in Sebastian County.

Appellee cites us to *McCarroll, Comm.* v. *Gregory*, 198 Ark. 235, 129 S. W. 2d 254, 122 A. L. R. 977, which was a suit to enjoin the Commissioner of Revenues from the enforcement of a tax claimed to be illegal. But in that case the suit was in the Pulaski Chancery Court, even though one of the plaintiffs had its main office in Benton County.

Therefore—even though we would prefer to decide the case on its merits—we must reverse the judgment and remand the cause with directions to dismiss the complaint; but without prejudice to the appellee to sue in Pulaski County now or to sue in Sebastian County if a Certificate (under § 84-1912, Ark. Stats.) should be filed

in that County and the appellee should insist that there was no tax due.

Reversed and remanded with directions.