COMMISSIONER OF REVENUES *v.* DILLARD'S, INC.

5-603 276 S. W. 2d 424

Opinion delivered March 21, 1955.

[Rehearing denied April 11, 1955.]

*O. T. Ward*, for appellant.

*Shaver, Tackett & Jones*, for appellee.

MINOR W. MILLWEE, Justice. Appellee, Dillard's, Inc., is a domestic corporation engaged in the operation of a retail mercantile store in the city of Texarkana, Arkansas, which is separated from the city of Texarkana, Texas, by the boundary line between Arkansas and Texas. The instant suit was filed by appellee in the Miller Chancery Court alleging that appellant, Com-

missioner of Revenues for the State of Arkansas, was demanding an opportunity to audit appellee's books in order to levy an assessment and collect gross receipts tax upon merchandise sold by appellee in its Arkansas store and delivered to customers outside the city at no additional cost; that the proceeds derived from retail mercantile sales in Texarkana, Texas, are not subject to a gross receipts tax by the state of Texas and, therefore, such sales made within the city of Texarkana, Arkansas, are exempted from such tax under the laws of Arkansas; and that unless appellant and his agents are enjoined from auditing appellee's books and otherwise proceeding with the levying, assessment and collection of said illegal exaction appellee would suffer irreparable injury for which it had no adequate remedy at law.

The answer of appellant admitted the factual allegations of the complaint but denied that the sales in question are not taxable and asserted the intention of appellant to make an audit and assessment for taxes due to the State in such sales. Appellant further alleged that the court was without jurisdiction to try and determine the cause under the provisions of Ark. Stats., § 84-1911.

The case was heard by the chancellor upon the pleadings and stipulation of counsel in which it was agreed that appellee sold the merchandise in question in its place of business and had no outside salesmen; that such sales are not taxable under Texas law; and that the Arkansas Use Tax was not raised or involved in the suit. The chancellor rendered a well considered opinion as the basis of a decree holding the sales in question exempt from the Arkansas Gross Receipts Tax and enjoining appellant from further proceeding in the attempted collection of such tax from appellee.

At the hearing in chancery court appellant contended that the court was without jurisdiction to try the cause under the last paragraph of Ark. Stats., § 84-1911, which provides: "No injunction shall issue to stay proceedings for assessment or collection of any taxes levied

under this act.'' In rejecting this contention the chancellor cited *Hardin, Commissioner of Revenues* v. *Gautney, Chancellor,* 204 Ark. 723, 164 S. W. 2d 427. In that case we held that this provision, if valid at all, could only have reference to taxes lawfully assessed and to lawful methods used in collection of taxes levied under the act. A corollary to this principle is that a court of equity has jurisdiction to enjoin the collection of an illegal or unauthorized tax under Art. 16, § 13, of the Constitution of this state. *Merwin* v. *Fussell,* 93 Ark. 336, 124 S. W. 1021.

Appellant appears to have abandoned the question of venue or jurisdiction since he did not argue the point in his brief. *Missouri Pacific Railroad Co.* v. *Harding,* 188 Ark. 221, 65 S. W. 2d 20. However, in the oral argument it was suggested that our recent decision in *Scurlock, Commissioner of Revenue* v. *Hardscrabble Country Club,* 224 Ark. 629, 275 S. W. 2d 638, might have some bearing on the issue. It should be noted that in that case the Commissioner appeared specially to challenge jurisdiction by a motion to dismiss which he stood upon without filing an answer. Here the appellant entered his appearance, answered and sought affirmative relief. Also in the Hardscrabble case a tax was at least *prima facie* due under the Act whereas in the case at bar it was wholly unauthorized and illegal if the exemption clause is applicable and valid. The constitutional provision makes no condition as to venue and we have been cited to no case holding that a suit to enjoin the enforcement of an illegal exaction from a taxpayer in the county of his residence must be brought in some other county.

This brings us to the real issue as to whether the sales in question are exempt under the Gross Receipts Act of 1941 [Ark. Stats., §§ 84-1901—84-1919] which we have held is a sales tax act.[1] Appellant's position is stated in his brief as follows: ''The exemption provisions of the law are not in dispute and there is no dispute that Texas does not have a Sales Tax law. The

---

[1] *U Drive-'Em Service Co.* v. *Hardin, Commissioner of Revenues,* 205 Ark. 501, 169 S. W. 2d 584.

only question on which the appellant and appellee differs is, the Commissioner contends that when a sale of merchandise is made and delivery effected to the purchaser within the corporate limits of Texarkana that no tax is due, but that when a sale is made to a customer or consumer and delivery is made by the seller to the consumer outside the city of Texarkana, that such constitutes a taxable sale.'' We cannot agree with this contention.

Ark. Stats., § 84-1904, paragraph (s), reads as follows: ''There is hereby specifically exempted from the tax imposed by this act the following: . . . (s) where there are adjoining cities or incorporated towns which are separated by a state line, the tax hereby levied upon gross receipts or gross proceeds derived from sales and services by taxpayers, in such adjoining cities or incorporated towns on the Arkansas side of the State line, shall be at the same rate as provided by law in such adjoining state, if any, not to exceed the rate provided in this act.''

It is noted that the act exempts all sales made in the border towns where the adjoining state has no gross receipts or sales tax. It is stipulated that the sales in question were made in appellee's store in the City of Texarkana, Arkansas. If the Legislature had intended to limit the exemption to sales in which deliveries are made inside the city limits it would have been an easy matter to have so provided. Or, if the Legislature had intended that the place of delivery should determine the *situs* of sales for the purpose of the administration of the act it could have so provided as it did in the case of the Compensating Tax Act of 1949 [Ark. Stats., §§ 84-3101—84-3128] which is commonly referred to as ''The Use Tax.'' It is conceded that this act is not involved here. Counsel for both sides have advanced good arguments in support of their respective positions as to the wisdom of the exemption clause but this is a matter for the Legislature and not the courts. This was the effect of our decision in *Wiseman* v. *Phillips,* 191 Ark. 63, 84 S. W. 2d 91, where we held the same exemption clause constitu-

tional on the authority of *Bollinger* v. *Watson*, 187 Ark. 1044, 63 S. W. 2d 642. We agree with the chancellor that under the Gross Receipts Act it was the clear intent of the Legislature to place merchants on the Arkansas side of the state line on the same footing as their competitors in Texarkana, Texas, and that the exemption clause was especially designed to accomplish this purpose.

It follows that the threatened assessment and collection of a gross receipts tax on the sales in question would constitute an unlawful and illegal exaction against which appellee is entitled to injunctive relief under the Constitution. The decree is accordingly affirmed.